### COVENTRY MANOR PHASE II ASSOCIATES, L.P., Appellant,

v.

### Bernard A. HAINEN, Respondent.

### No. WD 48840.

Missouri Court of Appeals, Western District.

May 30, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1995.

Application to Transfer Denied Sept. 19, 1995.

Cindy L. Reams, Weisenfels & Vaughan, Kansas City, for appellant.

James F. Crews, Tipton, for respondent.

Before ULRICH, P.J., and KENNEDY and BERREY, JJ.

ULRICH, Presiding Judge.

Coventry Manor Phase II Associates, L.P., (Partnership) a limited partnership formed in 1985 pursuant to the Missouri Limited Partnership Act (Chapter 359 RSMo., as amended), appeals the summary judgment of the trial court which determined that Partnership could not sue Bernard A. Hainen, a limited partner of the partnership, to obtain an unpaid additional assessed capital contribution authorized by the Limited Partnership Agreement (LPA). The trial court expressed that the LPA provided the sole remedies for failure to pay the additional assessed capital contribution, and suit for judgment of the sum owed was not a remedy provided by the LPA.

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

Partnership was formed in 1985 to purchase a 71 apartment unit, Coventry Manor Apartments–Phase II (apartments), in Independence. Partnership was a tax shelter designed to utilize favorable federal tax laws permitting tax losses to be passed through to investors to offset their income. Interest investors purchased units as Limited Partners in Partnership. A single unit sold for $34,000, and purchase of one or more units required execution of the Limited Partnership Subscription Agreement and submission of the appropriate purchase price (initial capital contribution) or execution of a promissory note for the balance of the unpaid portion of the initial capital contribution. Additionally, execution of a Signature Page and Participation Agreement was required. The Signature Page constituted the investor's execution of Partnership's LPA.

Execution of the LPA by Mr. Hainen and payment of $68,000 as the initial capital contribution, purchasing two units of Partnership, is undisputed. Paragraph 9 of the LPA provides:

9. *Additional Capital Contributions.* In any year in which the Partnership incurs operating deficits, and funds for the payment thereof are not available and cannot be borrowed on terms acceptable to the General Partner, then each partner, general or limited, shall be required to contribute his proportionate share of such deficit as an additional capital contribution (determined in accordance with the percentages

then in effect for the division of profits and losses provided in Paragraph 8 hereof, as subsequently modified by any other provisions in this Agreement) in an amount not to exceed his proportionate share of the excess of operating expenses and mortgage payments over revenues from the property.

Potentially significant tax consequences affected the partners of Partnership. The limited partners were entitled to 95% of Partnership's profits and losses, and 5% were allocated to the general partner. The limited partners were informed before execution of the LPA that foreclosure of the Apartments could result in allocation of ordinary income to them if the amount of the mortgage exceeded the depreciated tax basis of the Apartments at the time of foreclosure.

Partnership experienced two operating deficits when funds for payment to creditors were unavailable and terms for borrowing were unacceptable to the General Partner. Each occasion prompted assessment of additional capital contributions from the limited partners pursuant to paragraph 9 of the LPA to satisfy creditors. The first occurrence was in 1988. Mr. Hainen remitted the additional capital contribution required. The second occurrence in 1990 was precipitated by an $83,000 Partnership operating deficit. The General Partner sought from Mr. Hainen as his share of the deficit additional capital contribution to the sum of $10,513.36. Mr. Hainen declined to remit the sum, and suit for said sum plus interest from August 31, 1990, was initiated against him. Mr. Hainen answered and filed his counterclaim against the General Partner claiming mismanagement of Apartments. Mr. Hainen filed his motion for summary judgment on Partnership's petition asserting that Partnership could not sue him for breach of contract because the LPA did not expressly provide for suit upon failure to remit the additional owed capital contribution. Mr. Hainen asserted that the remedies available to Partnership for refusal of a limited partner to pay an amount owed as additional assessed capital contribution were articulated as exclusive remedies in paragraph 9 of the LPA. Thus, he claimed, because suit for breach of contract for failure to pay an amount owed as additional capital contribution was not stated in paragraph 9, suit to recover from him the amount owed was not an available remedy.

The trial court denied Mr. Hainen's motion for summary judgment and proceeded to trial before a jury. Mr. Hainen's counterclaim was concluded when the trial court sustained Partnership's motion for directed verdict at the close of all the evidence. The trial court then granted Mr. Hainen's summary judgment motion. The trial court also granted Mr. Hainen's motion for directed verdict. Partnership's Motion for a New Trial was denied by operation of law when the trial court did not rule on the motion within ninety days after the motion was filed. **Rule 78.06.** Partnership filed a timely notice of appeal.

Both parties acknowledge that the standard of review is expressed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment will be affirmed unless no substantial evidence supports it, the judgment is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* at 32.

Partnership claims as its first point on appeal that the trial court erroneously granted Mr. Hainen's motion for summary judgment and for directed verdict by ruling that the LPA provided the single remedy available to Partnership for breach of contract by a Limited Partner, and because the remedy did not include suing the limited partner to recover the amount of the additional capital assessment, Partnership could not sue Mr. Hainen to recover the additional capital contribution assessed by Partnership.

■ **Chapter 359 RSMo** encompasses the Uniform Limited Partnership Act. The Act does not require that limited partnership agreements assert within their boundaries all the remedies available by law should a partner breach the agreement, and Mr. Hainen cites no case law supporting this position. Therefore, limited partnership agreements do not differ from other business contracts where legislation does not prescribe that they affirmatively authorize all remedies in event of breach of the agreement. Common law elements of a breach of contract action

do not require, to the extent a contract is in writing, that the writing must specify the availability of a claim for money damages in the event of a breach. The trial court erred in granting Mr. Hainen's motion for summary judgment and for directed verdict merely because the LPA did not affirmatively provide for suit upon failure to remit additional capital assessment.

As its second point on appeal, Partnership claims that the trial court erroneously granted Mr. Hainen's motion for summary judgment and for directed verdict by ruling that the provisions of the limited partnership agreement allowing other limited partners to elect to pay unpaid capital contributions or authorizing the admission of new limited partners willing to pay unpaid capital contributions constituted the exclusive remedy available to the Partnership for Mr. Hainen's breach. It argues that the limited partnership agreement does not expressly exclude the partnership's common law remedies for breach of contract.

■ In interpreting a contract, the primary rule is to ascertain the intent of the parties. *Marshall v. Pyramid Dev. Corp.*, 855 S.W.2d 403, 406 (Mo.App.1993). Where there is no ambiguity in the contract, intention of the parties is to be determined from the contract alone. *Id.; City of Fulton v. Central Elec. Power Coop.*, 810 S.W.2d 349, 351 (Mo.App.1991).

Paragraph 9 of the LPA signed by Mr. Hainen articulates one remedy available in event the agreement is breached. Paragraph 9 provides that

[i]n the event any partner fails to make any such required contribution within thirty (30) days following the receipt of written notice of the requirement to make such a contribution, such partner shall be deemed in default and the remaining Limited Partners shall have the right to make such additional capital contribution pro rata and thereby increase their percentage interests in the capital of the partnership. In the event all Limited Partners have declined to provide all or any portion of such additional capital, then notwithstanding anything to the contrary herein contained, the General Partner is authorized to admit addi-

tional Limited Partners as necessary to raise the additional capital, and the percentage interests in the capital and profits and losses of the Partnership shall be adjusted to reflect such additional cash capital contributions of the existing Partners and the admission and cash capital contributions of any Limited Partners to be added.

Mr. Hainen argues that this provision of the LPA sets forth the Partnership's exclusive remedy for a Limited Partner's breach of his obligation to make additional capital contributions.

■ The Louisiana Court of Appeals considered a similar claim in *Contraband Cove v. Daly*, 527 So.2d 534 (La.Ct.App.1988), and its analysis is persuasive. In *Contraband Cove*, limited partners were obligated by sections 6.2 and 6.3 of a limited partnership agreement to make initial contributions and additional capital contributions. *Id.* at 535. If a limited partner defaulted in making an initial or additional capital contribution, section 6.4 of the limited partnership agreement provided the other partners the right to contribute their pro rata share of the amount in default. *Id.* If the default was not cured in this fashion, the general partner was provided the authority to admit additional limited partners. *Id.* A limited partner defaulted on his capital contribution obligations and attempted to escape personal liability by arguing that the limited partnership agreement provided the partnership's exclusive remedy when a partner defaults in the payment of his capital contributions. *Id.* at 536.

In interpreting the partnership agreement, the court began by noting that the word "shall" in the agreement created a mandatory obligation on the part of the subscriber to contribute capital to the partnership. *Id.* at 537. Additionally, the court found that section 6.4 of the agreement merely granted the general partner and non-defaulting partners the right or option to cure defaults of other partners. *Id.* It did not relieve a partner of the obligation assumed under section 6.2 unless the general partner or non-defaulting partners elected to exercise the options. *Id.* The court reasoned,

To interpret the agreement as suggested by defendant ... negates the logical intention of the parties by either rendering each non-defaulting partner a surety for defaulting partners or saddles each general partner with the burden of finding a third party or parties to assume the defaulting party's obligation for his capital contribution. Other language in the agreement, common sense and prudent business practice, clearly indicates that such was not the intention of the parties.

The logic expressed in *Contraband Cove* is applicable to this case. Paragraph 9 of the LPA merely provides non-defaulting partners the option, in the nature of a right of first refusal, to cure a defaulting party's breach and correspondingly increase their percentage interest in the Partnership. Furthermore, it authorizes the general partner to admit additional limited partners as necessary to raise the additional capital. This provision does not provide an exclusive remedy to the Partnership for breach by a partner of an obligation to contribute capital. Mr. Hainen is not relieved of his contractual obligation to contribute additional capital by virtue of Paragraph 9 and to interpret the provision in any other fashion would strain the intent of the partners and render the Additional Capital Contribution provision meaningless.

The judgment of the trial court is, therefore, reversed and the case is remanded for further proceedings consistent with this opinion.

All concur.